# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00789-CV

---

### J. N., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. C190072CPS, THE HONORABLE ELIZABETH WATKINS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

J.N. appeals from the final order terminating her parental rights to her daughter S.R., who was nine years old when the order was signed. An associate judge held a three-day hearing, J.N. requested a de novo hearing, and the district court reviewed the record de novo and rendered judgment adopting the associate judge's findings and conclusions. The court found by clear and convincing evidence that termination is in S.R.'s best interest and that J.N. had endangered S.R.'s well-being and had failed to comply with a court order that established necessary actions for her to regain custody after S.R.'s removal for abuse or neglect. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (O), (b)(2). J.N. timely filed her notice of appeal.

J.N.'s court-appointed counsel has filed a motion to withdraw accompanied by a brief concluding that any appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that court-appointed counsel who believes appeal is wholly

frivolous should file motion to withdraw "accompanied by a brief referring to anything in the record that might arguably support the appeal"); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in termination case). Counsel has certified to this Court that he provided J.N. with a copy of the *Anders* brief, his motion to withdraw as counsel, and a notice of J.N.'s right to file a pro se brief. J.N. has not filed a brief.

Upon receipt of an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Having reviewed the record and the briefing, we find nothing that would arguably support a meritorious appeal. We thus agree with counsel that the appeal is frivolous and without merit.

We nevertheless deny counsel's motion to withdraw. In *P.M.*, the Texas Supreme Court explained that a parent's right to counsel in termination suits extends to "all proceedings in [the Supreme Court of Texas], including the filing of a petition for review." 520 S.W.3d at 27. Accordingly, counsel's obligation has not yet been discharged, and if J.N., after consulting with counsel, desires to file a petition for review, counsel should timely file with the high court "a petition for review that satisfies the standards for an *Anders* brief." *See id*. at 27-28.

We therefore affirm the order terminating J.N.'s parental rights and deny counsel's motion to withdraw.

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Jones*

Affirmed

Filed:   March 17, 2023

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).